FILED BY DM D.C.
MAY 24 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

IN THE UNITED STATES DISRTICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**17-CV-80658 MIDDLEBROOKS/BRANNON**

CLARECE Y. NASH,

Plaintiff,

Case No. ______________________

vs.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

Defendant.

_________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CLARECE Y. NASH hereby files her Complaint against Defendant FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES and in support alleges the following:

## NATURE OF CLAIMS

1. This is an action for damages for the unlawful employment practices of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Florida Civil Rights Act ("FRCA"), F.S. § 760.10. By the filing of this action, Nash seeks any and all recoverable damages as well as her litigation costs and reasonable attorney's fees.

## INTRODUCTION

2. From 2008 through 2016, Dr. Clarece Y. Nash was an Assistant Professor in the School of Accounting at Florida Atlantic University. Florida Atlantic University Board of Trustees

(hereinafter "FAU" or the "University"), pursuant to Fla. Stat. § 1001.74, acts as the trustee for Florida Atlantic University and acts with full legal capacity to sue and be sued. Most FAU faculty and administrators are subsidized through Federal and the State of Florida taxpayer money.

3. Dr. Nash has suffered race discrimination and retaliation for filing an EEOC complaint for relief from the actions of several FAU administrators working in their official capacity as state employees of FAU; President John Kelly ("Kelly"), Provost Gary Perry ("Perry"), and Dean of the College of Business Daniel Gropper ("Gropper").

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff, Nash is and was at all relevant times a resident of Martin County, Florida, and a professor at FAU.

5. Defendant FAU is a public university in the state of Florida with the relevant place of business in Palm Beach County and is subject to all statutes promulgated in conjunction with the U.S. Equal Opportunity Commission (hereinafter "EEOC").

6. This Court has jurisdiction over the subject matter of this action pursuant to 42 USC §2000e-5(f) and 28 USC §1331. This Court enjoys supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

7. Venue properly lies within this judicial district and division pursuant to 28 U.S.C. §1391 because the claims arose in Palm Beach County, Florida.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. Nash has complied with the procedural requirements of Title VII and the FRCA by providing the employer with notice of the violations and her intent to initiate this action.

9. Additionally, Nash timely filed Charges of Discrimination ("Charge") for discrimination

with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A".

10. Nash has complied with the administrative procedures that were conditions precedent to filing this lawsuit and has exhausted her state and federal administrative remedies. More than 180 days have passed since the filing of the Charge and Nash has obtained a Right to Sue letter from the EEOC, attached hereto as Exhibit "B". Therefore, Nash is permitted to proceed with a civil lawsuit.

## GENERAL ALLEGATIONS

11. Dr. Nash began working as an Assistant Professor of Accounting in the College of Business ("COB") at FAU in 2008. Dr. Nash is an African-American female whose research specialty is in the area of U.S. Tax Policy.

12. While working at FAU, Dr. Nash was a member of the United Faculty of Florida (hereinafter the "Union") bargaining unit, a labor organization that represents the University's faculty members. The Union and the University were parties to a collective bargaining agreement (hereinafter the "CBA") which governed the period from July 1, 2012 until June 30, 2015 and specified the wage, hours, and other terms and conditions of employment of all members of the Union.

13. The CBA contained explicit language requiring the University to follow "established criteria specified in writing" with respect to both promotion and tenure.[1]

14. The University's established criteria required that tenure-track professors in the School of

---

[1] Promotion involves an employee's moving up in the ranks from Assistant Professor to Associate Professor to Professor. Tenure status guarantees annual reappointment for the academic year until voluntary resignation, retirement, removal for just cause, or layoff in accordance with the provisions of the CBA.

Accounting ("SOA") publish in scholarly journals specifically designated in the SOA Journals List, a list of journals used to measure a candidate's research and scholarship during their years with the University.

15. Throughout Dr. Nash's first six years as a professor at the University, she published extensively in the top academic journals specifically designated in the SOA Journals List.

16. The University's established criteria also required an evaluation of each candidate for tenure's research and scholarly contributions by independent outside experts in the candidate's research discipline. In May 2013, the SOA Director sent letters to outside experts in accounting research in the discipline of taxation, requesting a review of Dr. Nash's academic portfolio. Between June and August 2013, the SOA Director received favorable evaluations of Dr. Nash's scholarly activity from each of the independent outside experts who reviewed her portfolio.

17. In July 2013, Gropper joined the University replacing Interim COB Dean Somnath Bhattacharya[2]. Gropper met with faculty in the School of Accounting individually and collectively to discuss his new vision for the COB.

18. On September 20, 2013, during Dr. Nash's sixth year with the University, she applied for promotion to the position of Associate Professor and tenure.

19. In October 2013, Dr. Nash received recommendations from both the SOA Director and the SOA Department that her promotion be granted and that she be awarded tenure, as her scholarly activity performance consistently exceeded that of the overall SOA Department under the established criteria during the evaluation period.

20. Following the recommendations by the SOA Director and the SOA Department, Dr. Nash's application was forwarded to the COB Promotion & Tenure Committee; Gropper, the

---

[2]COB Dean J. Dennis Coates passed away on February 8, 2013.

Dean of the COB; and Provost Perry on behalf of President Kelly.

21. Neither Gropper nor Perry on behalf of Kelly applied the established promotion and tenure criteria specified in writing in their evaluation of Dr. Nash's performance.

22. On December 19, 2013, during the winter holiday break, Dr. Nash received a letter from Gropper stating that he did not recommend her for promotion and tenure without regard to her individual merit. Despite the fact that Gropper acknowledged that Dr. Nash had published extensively in the journals listed in the SOA Journals List, Gropper chose to adopt his own criteria stating that the SOA had "watered down" its research standards by including "sub-standard" publication outlets that were not "consistent with high academic research standards".

23. Despite the fact that Gropper's letter stated that he discretionarily chose not to apply the established criteria in evaluating Dr. Nash's application for promotion and tenure in violation of the CBA, Gropper did however apply the criteria when evaluating the other tenure candidates from the SOA who had applied for promotion and tenure during the same time period as Dr. Nash.

24. Dr. Nash was one of four assistant professors in the SOA who were applicants for promotion and tenure during the 2013-2014 school year. Of the other three applicants, two (a Caucasian male and an Asian female both of whose academic portfolios met the established criteria) were promoted and granted tenure. The third (a Caucasian male whose academic portfolio ***did not*** meet the established criteria) candidate's application was denied.

25. Gropper applied the established criteria in his evaluation of the other three candidates and his decision to grant or deny them tenure, despite informing Dr. Nash that he did not believe that her academic portfolio, which met the established criteria, was sufficient to warrant granting her tenure because the SOA's established criteria was watered down and should therefore not be

applied to the decision to grant tenure.

26. On April 24, 2014 in a meeting with Dr. Nash, Provost Perry corroborated Gropper's recommendation not to support Dr. Nash's promotion and tenure explaining to Dr. Nash his eagerness to support Gropper's "new vision" for the COB.

27. On April 28, 2014, Dr. Nash forwarded Perry's comments to President Kelly and requested a meeting but was not given the opportunity to meet with Kelly.

28. Ultimately, the University denied Dr. Nash's application for promotion and tenure on May 21, 2014.

29. At the time that her application was denied, Dr. Nash had published fifteen (15) scholarly articles in top academic publications on the SOA Journals list, more articles than the other three SOA tenure candidates had published combined.

30. Gropper's letter explaining his reasoning for denying Dr. Nash tenure was merely pretext for discriminating against Dr. Nash on the basis of her race.

31. On or around May 21, 2014, after her applications for promotion and tenure were denied, Dr. Nash filed a timely grievance with the Provost's office pursuant to the grievance procedure outlined in the CBA appealing the determination. The grievance challenged the University's failure to use the "established criteria specified in writing" required under the CBA to evaluate Dr. Nash's application for tenure and promotion.

32. On October 8, 2014, following the grievance she filed pursuant to the procedures outlined in the CBA, Dr. Nash filed a charge against the University with the EEOC for discrimination.

33. In retaliation to Dr. Nash's filing of the EEOC charge, Gropper substantially increased Dr. Nash's teaching load and the number of students in her class to a level which vastly exceeded that of any other SOA tenure-track professors, without additional compensation.

34. Additionally, Gropper directed Dr. Nash's 2014-2015 annual evaluation to be completed without regard to objective criteria as required under the CBA. Instead the annual evaluation utilized hearsay, unsupported allegations, and clandestine meetings in order to manufacture a basis to give Dr. Nash a negative review.

35. Dr. Nash's employment with the University was ultimately terminated following the 2015- 2016 school year.

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1981**

36. Plaintiff realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 35 above.

37. Plaintiff, by being subjected to the adverse treatment more particularly described above, was subjected to intentional discrimination by Defendant based on her race, in violation of her rights under 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1981.

38. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

39. The conduct of Defendant deprived Plaintiff of her statutory rights under 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981, and was in such reckless indifference of the federally-protected rights of Plaintiff as to entitle her to an award of punitive damages against Defendant, under 42 U.S.C. § 1981, to punish Defendant and deter others from engaging in such conduct in the future.

WHEREFORE, Plaintiff, NASH, demands judgment against Defendant for the following:

A. A declaratory judgment declaring the acts and practices of the Defendant, complained of herein, to be in violation of 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981.

B. Employment reinstatement to the rank of Tenured Associate Professor with lost back wages and benefits, from the date of Plaintiff's forced termination to the date of trial.

C. Compensatory damages for past and future emotional distress, humiliation and embarrassment.

D. Paying appropriate back pay.

E. Punitive damages.

F. Grant Plaintiff her costs and a reasonable award of attorney's fees.

G. Such other relief as is deemed necessary and proper.

**COUNT II – RETALITION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)**

40. Plaintiff realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 35 above.

41. On October 8, 2014, Plaintiff filed a charge against Defendant with the EEOC for discrimination.

42. In retaliation to Plaintiff's charge, Defendant substantially increased Plaintiff's workload and the number of students in her classes to a level which vastly exceed those of similarly situated individuals, without additional compensation.

43. Plaintiff was subject to this adverse employment action by Defendant because Plaintiff filed the EEOC charge.

44. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant deprived Plaintiff of her statutory rights under 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981, and was in such reckless indifference of the federally-protected rights of Plaintiff as to entitle her to an award of punitive damages against Defendant, under 42 U.S.C. § 1981, to punish Defendant and deter others from engaging in such conduct in the future.

WHEREFORE, Plaintiff, NASH, demands judgment against Defendant for the following:

A. A declaratory judgment declaring the acts and practices of the Defendant, complained of herein, to be in violation of 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981.

B. Employment reinstatement to the rank of Tenured Associate Professor with lost back wages and benefits, from the date of Plaintiff's forced termination to the date of trial.

C. Compensatory damages for past and future emotional distress, humiliation and embarrassment.

D. Paying appropriate back pay.

E. Punitive damages.

F. Grant Plaintiff her costs and a reasonable award of attorney's fees.

G. Such other relief as is deemed necessary and proper.

**COUNT III – RACE DISCRIMINATION IN VIOLATION OF FLORIDA STATUTE 760.10**

46. Plaintiff realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 35 above.

47. Plaintiff, by being subjected to the adverse treatment more particularly described above, was subjected to intentional discrimination by Defendant based on her race, in violation of her rights under F.S. 760.10.

48. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The conduct of Defendant deprived Plaintiff of her statutory rights under F.S. 760.10, and was in such reckless indifference of the federally-protected rights of Plaintiff as to entitle her to an award of punitive damages against Defendant, under F.S. 760.11, to punish Defendant and deter others from engaging in such conduct in the future.

WHEREFORE, Plaintiff, NASH, demands judgment against Defendant for the following:

A. A declaratory judgment declaring the acts and practices of the Defendant, complained of herein, to be in violation of F.S. 760.10.

B. Employment reinstatement to the rank of Tenured Associate Professor with lost back wages and benefits, from the date of Plaintiff's forced termination to the date of trial.

C. Compensatory damages for past and future emotional distress, humiliation and embarrassment.

D. Paying appropriate back pay.

E. Punitive damages.

F. Grant Plaintiff her costs and a reasonable award of attorney's fees.

G. Such other relief as is deemed necessary and proper.

**JURY DEMAND**

Plaintiffs hereby demands trial by jury on all issues so triable as a matter of right.

Dated this day of May 24, 2017.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 24, 2017

Signature of Plaintiff [signature]

Printed Name of Plaintiff: Clarece Y. Nash, *Pro se*

Street Address: 300 SE Martin Avenue

City and County: Stuart, Martin County

State and Zip Code: Florida, 34996

Telephone Number: 772-219-7828

E-mail Address: cynnash@bellsouth.net

# Exhibit A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

**1. Personal Information**

Last Name: Nash First Name: Clarece MI: Y.

Street or Mailing Address: 300 SE Martin Avenue Apt or Unit #: ____

City: Stuart County: Martin State: FL Zip: 34996

Phone Numbers: Home: (772) 219-7828 Work: (561) 297-2541

Cell: (901) 229-3563 Email Address: cynnash@bellsouth.net

Date of Birth: 10/02/1958 Sex: ☐ Male ☒ Female Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White ☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? USA

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Nicholas M. Nash Relationship: Husband

Address: 300 SE Martin Avenue City: Stuart State: FL Zip Code: 34996

Home Phone: (772) 219-7828 Other Phone: (901) 229-3563

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) ____

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

**Organization Name:** Florida Atlantic University

Address: 777 Glades Road County: Palm Beach County

City: Boca Raton State: FL Zip: 33431 Phone: (561) 297-3000

Type of Business: Education Job Location if different from Org. Address: ____

Human Resources Director or Owner Name: Dave Tomanio Phone: (561) 297-6055

**Number of Employees in the Organization at All Locations:** Please Check (√) One

☐ Fewer Than 15 ☐ 15 - 100 ☐ 101 - 200 ☐ 201 - 500 ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☒ No

Date Hired: August 11, 2008 Job Title At Hire: Assistant Professor

Pay Rate When Hired: $125,000 Last or Current Pay Rate: $131,522

Job Title at Time of Alleged Discrimination: Assistant Professor Date Quit/Discharged: Effective May, 2015

Name and Title of Immediate Supervisor: Dr. Kimberly Dunn, Director, School of Accounting

**If Job Applicant,** Date You Applied for Job ____ Job Title Applied For ____

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to* Race. *If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to* Retaliation.

☒ Race ☒ Sex ☒ Age ☐ Disability ☐ National Origin ☐ Religion ☒ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing ii. family medical history iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: ______________________

If you checked genetic information, how did the employer obtain the genetic information? ______________________

______________________

Other reason (basis) for discrimination (Explain): ______________________

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** 12/20/2013 **Action:** The established promotion and tenure criteria specified in writing were not applied in the evaluation of my performance. Although I met the criteria promotion and tenure was denied.
**Name and Title of Person(s) Responsible:** Dean Daniel Gropper, College of Business

**B. Date:** 5/21/2014 **Action:** The established promotion and tenure criteria specified in writing were not applied in the evaluation of my performance. Although I met the criteria promotion and tenure was denied.
**Name and Title of Person(s) Responsible** Provost Gary Perry on behalf of President John Kelly.

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**

See attached documents. I met the criteria and the evaluation of my performance was "without regard to individual merit" established by promotion and tenure criteria specified in writing.

**7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?**

That my performance had not been meritorious and I had not met the criteria - Provost Perry on behalf of President Kelly. That the criteria should not apply in my case - Dean Gropper.

**8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.**

**Of the persons in the same or similar situation as you, who was treated *better* than you?**

| | Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|---|
| A. | Rob Pinsker | White Male - Jewish, USA | Assistant Professor | Promoted & Tenured |
| B. | Jian Cao | Asian Female, China | Assistant Professor | Promoted & Tenured |

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment

**A.** ____________________________________________

____________________________________________

**B.** ____________________________________________

____________________________________________

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment

**A.** ____________________________________________

____________________________________________

**B.** ____________________________________________

____________________________________________

**Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

**9. Please check all that apply:**

☐ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

____________________________________________

____________________________________________

____________________________________________

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
☐ Yes ☐ No

If "Yes," what medication, medical equipment or other assistance do you use?

____________________________________________

____________________________________________

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**
☐ Yes ☐ No

If "Yes," when did you ask? ______________ How did you ask (verbally or in writing)? ______________

Who did you ask? (Provide full name and job title of person)

____________________________________________

Describe the changes or assistance that you asked for: ______________________

____________________________________________

____________________________________________

How did your employer respond to your request? ______________________

____________________________________________

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| | Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|---|
| A. | | | | |
| B. | | | | |

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☒ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** ____________

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
United Faculty of Florida Union, Phillips, Richard and Rand, Attorneys – currently in arbitration regarding violations under the collective bargaining agreement.

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.**

**BOX 1** ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

**BOX 2** ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the **EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

Clarece J. Nash
**Signature**

October 8, 2014
**Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

# Exhibit B

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Clarece Nash**
**300 S. E. Martin Avenue**
**Stuart, FL 34996**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2015-00141** | **ROBBY CEDON, Investigator** | **(305) 808-1881** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

FEB 21 2017
*(Date Mailed)*

Enclosures(s)

**MICHAEL J. FARRELL,**
**District Director**

cc:
**Respondent's Representative**
**FLORIDA ATLANTIC UNIVERSITY**
**c/o. Mark Bonfanti, Esq.**
**ALLEN NORTON & BLUE**
**906 North Monroe Street**
**Tallahassee, FL 32303**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***